UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 CR 50058 |
| ) | |
| MARK COOPER, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT COOPER'S REPLY IN SUPPORT OF
MOTION TO SUPPRESS IDENTIFICATION**

NOW COMES the Defendant, MARK COOPER, by his attorney CHRISTOPHER J. TAYLOR, and for his Reply in Support of Motion to Suppress Identification states as follows:

**I.      BACKGROUND**

The Background section of the United State's Response to Defendant Cooper's Motion to Suppress Identification correctly notes the content of the police reports that chronicles the events leading up to Mark Cooper's identification, albeit incompletely. The basis for Mark Cooper's inclusion in identification procedures began with witness Beltran (Victim 1) claiming to identify Cooper by locating him in a yearbook. After she provided Cooper by name, she was utilized by officers to act as an interpreter in connection with victim 2's identification of a Co-Defendant.

The following day both alleged victims identified Mark Cooper. There has been no discovery regarding conversations between victim 1 and victim 2.

**II.      MEMORANDUM IN SUPPORT OF EVIDENTIARY HEARING**

The Government's Memorandum contains a good discussion of the law regarding reliability as the key issue in determining admissibility of identification testimony. See *Neil v.*

*Biggers* 409 U.S. 188 (1972). The Governments Memorandum claims on page 6, that Beltran's identification of Defendant based on reviewing her high school yearbook creates an issue for cross examination. This claim is made without citation to authority. Defendant has indicated he was not pictured in any yearbook from high school. This issue amounts to a significant disputed factual issue which must be resolved. See *United States v. Martin* 422 F 3d. 597 (7th Cir. 2005). While yearbook identification cases are relatively few and far between, there does exist authority suggesting this is a significant issue. See *Tomlin v. Myers*, 30 F 3d. 1235 (9th Cir. 1994) wherein the Appellate Court considered it noteworthy that high school yearbook identification was not of the Defendant. In order for the Defendant in the instant case to properly protect his right to reliable identification procedures, an evidentiary hearing is warranted.

  The identification of Defendant by Sergio Ortiz also requires a hearing. Sergio initially indicated to police he could not identify suspect 3, claiming he did not get a good enough look at suspect 3. He further noted suspect 3 was the suspect who dragged Roberta. After Beltran provided interpreter services in connection with Ortiz's identification of a Co-Defendant, Ortiz now identified Cooper. Beltran's statement to the police dated August 21, 2007, clearly identifies Cooper as the guy who dragged Roberta. Ortiz's communication with Beltran, who arguably became an agent of the police when used as a interpreter should be examined at an evidentiary hearing as it apparently improved the witnesses ability to identify Cooper.

  Reliability can not be effectively addressed without an evidentiary hearing wherein the yearbook identification procedure is examined. The Appellate Court in *Tomlin v. Meyers* 30 F 3d 1235 (9th Cir. 1994) considered it significant that the yearbook identification procedure was flawed. Indeed, the Tomlin court reversed a finding that Tomlin's counsel's deficient performance was not prejudicial. Tomlin's attorney was ineffective for not filing a Motion to

Suppress Identification. The Tomlin Court was assisted on appeal by having a transcript of an evidentiary hearing on a habeas corpus proceeding.

The Defendant in the instant case requires a evidentiary hearing to establish the details of the yearbook identification process. The totality of the circumstances can not save either the Ortiz or Beltran identification of Cooper. The statements of Beltran and Ortiz provide contradictory descriptions of the perpetrators. The description provided were so general as to not be helpful in providing sufficient detail to sustain the identification of Cooper. In short an evidentiary hearing is necessary to fully address the admissibility of the identifications provided by Beltran and Ortiz.

By   /s/ Christopher J. Taylor
Christopher J. Taylor
Attorney for MARK COOPER

BYRD & TAYLOR, Attorneys at Law
Christopher J. Taylor
308 W. State Street, Suite 450
Rockford, IL 61101
(815) 964-5492
ID Number: 6207852